UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **JERROLD D. JOHNS, JR.**, Individually, and on Behalf of All Others Similarly Situated,<br>    Plaintiff,<br><br>v.<br><br>**PLUCKERS, INC. and PLUCKERS WING FACTORY, A LIMITED PARTNERSHIP**,<br><br>    Defendants. | Case No. 1:17-cv-00553<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Jerrold D. Johns, Jr. ("Plaintiff" or "Johns"), individually and on behalf of all others similarly situated, alleges as follows:

### I. INTRODUCTION

1. Plaintiff Johns brings this lawsuit against PLUCKERS, INC. and PLUCKERS WING FACTORY, a Limited Partnership, (collectively "Pluckers") to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA"). Johns and Pluckers' employees similarly situated to him, worked as a "coach-in-training" (the term used by Pluckers to refer to participants in its management training program) at one of Pluckers' numerous locations. As a "coach-in-training," Johns frequently worked in excess of 70 hours per week, and never worked less than 40 hours during any work week. In order to avoid paying Johns and those similarly situated to him overtime, Defendants intentionally used and continue to use the "coach in training" program as a way of underpaying a significant portion of its work force. These "coaches-in-training" perform the same tasks as hourly employees, under the guise of being

1

"managers," in order for Defendants to improperly (and intentionally) classify those employees as exempt from the FLSA's rules regarding overtime wages, in direct violation of the FLSA. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## II. JURISDICTION AND VENUE

2. This Court has original subject-matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves a federal question under the FLSA, 29 U.S.C. §216(b).

3. Venue is proper under 28 U.S.C. §1391 because a substantial part of the events giving rise to this claim occurred in this District and Division. Defendants maintain their home offices in this District at 811 Barton Springs Road, Suite 600, Austin, Texas 78704. Johns resides in Austin, Texas, located within this District.

## III. THE PARTIES

4. Johns worked for Defendants as a "coach-in-training" during the relevant statutory time period. Throughout his employment with Defendants, Johns was paid a small salary (approximately $35,000 per year) with no overtime compensation, even though he regularly worked in excess of 40 hours each week. Johns' written consent is attached hereto as Exhibit "A."

5. Johns seeks to bring this action on behalf of himself and all other similarly-situated workers who participated in Defendants' management training program and were paid a salary with no overtime premium for hours they worked in excess of 40 hours in a workweek under Section 16(b) of the FLSA, 29 U.S.C. §216(b) (the "Class"). The Class was subjected to the same FLSA violations as Johns, and is properly defined as:

> **ALL CURRENT AND FORMER EMPLOYEES OF PLUCKERS, INC. AND PLUCKERS WING FACTORY, A**

**LIMITED PARTNERSHIP, EMPLOYED DURING THE PAST THREE (3) YEARS WHO PARTICIPATED IN DEFENDANTS' MANAGEMENT TRAINING PROGRAM AND WORKED IN EXCESS OF 40 HOURS PER WEEK WITH NO OVERTIME COMPENSATION.**

The members of the Class are easily ascertainable from Defendants' business records, particularly its personnel records.

6. Defendant PLUCKERS, INC. is a Texas corporation. It may be served through its registered agent, Mark S. Greenberg, Jr., at 811 Barton Springs Road, Suite 600, Austin, Texas 78704.

7. Defendant PLUCKERS WING FACTORY, a Limited Partnership, is a Texas Limited Partnership. It may be served through its registered agent, David A. Paul, at 811 Barton Springs, Suite 520, Austin, Texas 78704.

### III. COVERAGE UNDER THE FLSA

8. At all times referenced in this Complaint, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

9. At all times referenced in this Complaint, Defendants have been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

10. At all times referenced in this Complaint, Defendants have been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross

volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level, which are separately stated).

11. At all times referenced in this Complaint, Johns and the putative Class members were engaged in commerce or in the production of goods for commerce.

### III. COMMON FACTS

12. Pluckers is a Texas-based chain of approximately 20-25 sports bars and restaurants located throughout the State of Texas, and one additional franchised location in Baton Rouge, Louisiana.

13. In keeping with Pluckers' sports bar theme, Pluckers' managers are referred to as "coaches." Likewise, participants in Pluckers' management training program are referred to as "coaches-in-training."

14. Notably, a significant portion of Pluckers' work force consists of participants in the "coaches-in training" program. Typically, each location has a minimum of 4-6 "coaches-in-training." Accordingly, given the large number of "coaches-in-training" and the relatively limited number of management positions available at any given time, only a handful of the several hundred "coaches-in-training" have any chance of joining Pluckers' management.[1]

15. Throughout the relevant period, Pluckers' company-wide policy has been to uniformly classify participants in its training program as exempt from all overtime provisions.

16. Johns and other participants in Pluckers' management training program are only paid a small salary and none receive any overtime wages, despite regularly working far in excess of 40 hours per week.

---

[1] Pluckers' website boasts of its 21-week training program. However, the vast majority of "coaches-in-training" wait years without ever being promoted to management. *See* www.pluckers.com/posts/jobs.

17. Pluckers' classification of its "coaches-in-training" as exempt from the payment of overtime wages is wholly improper. Indeed "coaches-in-training" participate in few if any management related tasks. Instead, their primary duties are the same as non-exempt hourly-paid employees, such as wait staff and kitchen staff.

18. For example, Pluckers employed Johns as a "coach-in-training" and paid Johns a small salary from February 2011 to December 2015. During this period, Johns regularly worked between 60 and 70 hours per week, and often in excess of 70 hours per week.

19. As a "coach-in-training" Johns' duties included food preparation, cooking, customer service, sales/cashiering, stocking, inventory and cleaning—all of which are the same duties performed by non-exempt, hourly-paid employees.

20. Indeed, Defendants' improper classification of participants in the "coaches-in-training" program as exempt is intentional, and part of a uniform pattern and practice designed to reduce the labor costs of Defendants by misclassifying employees who, given the nature of their duties and responsibilities, otherwise would be entitled to far greater compensation in the form of overtime wages.

21. Johns and members of the Class did not exercise any meaningful degree of independent discretion with respect to the performance of their duties, and were required to strictly adhere to Defendants' policies, procedures and guidelines.

22. For example, Johns and members of the Class did not have authority to (a) create or implement management policies, practices, and procedures for Defendants; (b) commit Defendants in matters having significant financial impact; (c) set employee wages; (d) hire, fire or promote employees; or (e) determine how many labor hours could be allocated to their location.

23. Each member of the putative Class worked similar hours and were denied overtime as a result of the same illegal pay practices. The putative Class members were each scheduled to work approximately between 60 and 70 hours per week, and usually worked more than the scheduled amount of hours. Instead of paying each Class member required overtime wages, Defendants, who were aware each member of the putative Class was working in excess of 40 hours per week, paid the putative Class members a small salary. Defendants denied the putative Class members overtime for any and all hours worked in excess of 40 hours in a single workweek. As controlling law makes clear, the putative Class members are non-exempt employees. Therefore, Defendants owe back overtime wages to the putative Class members, including Johns.

24. Defendants did not keep accurate records of hours worked by Plaintiff or the Class members. That is, although Plaintiff and Class members routinely worked more than 40 hours, Defendants did not record those hours.

25. Defendants are aware or should have been aware that federal law required them to (a) pay employees performing non-exempt duties, including Plaintiffs and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 hours per workweek; and (b) keep accurate time records for non-exempt employees.

26. Defendants' unlawful conduct has been widespread, repeated, and consistent.

### IV. COLLECTIVE ACTION ALLEGATIONS

27. Numerous employees have been victimized by this pattern, practice, and policy in willful violation of the FLSA. Many of these employees worked with Johns, and reported they were paid in the same manner and were not properly compensated for all hours worked as

required by the FLSA. Thus, the illegal practices or policies of Defendants have been imposed on the putative Class members regardless of any individualized factors.

28. Putative Class members all were paid a salary only, regularly worked in excess of 40 hours per week, and were not paid overtime compensation. These employees are victims of Defendants' unlawful compensation practices and are similarly situated to Johns in terms of relevant job duties, pay provisions, and employment practices.

29. Defendants' failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, intentional and systematic policies and practices which are not dependent on the personal circumstances of the putative Class members.

## V. Cause of Action
### (Violation of the FLSA)

30. Plaintiff re-alleges and incorporates paragraphs 1-29, herein.

31. As set forth herein, Defendants have violated and are violating, Section 7 of the FLSA, 29 U.S.C. §207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for work weeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and one-half (1½) times the regular rates for which they were employed.

32. Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the putative Class members overtime compensation. Defendants' failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith. Accordingly, Johns and all those similarly situated are entitled to overtime wages under the FLSA in an amount equal to one and one-half (1½) times their rate of pay, plus liquidated damages, attorney's fees and costs.

33. Because Defendants' violations of the FLSA have been willful, a three (3) year statute of limitations applies, pursuant to 29 U.S.C. §255.

## VI. JURY DEMAND

34. Plaintiff demands a trial by jury.

## VII. RELIEF SOUGHT

35. WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

   a. For an Order at the earliest time possible directing Plaintiff to give notice of this collective action to the putative Class members, informing them that this action has been filed, the nature of the action, and of their right to join this lawsuit, among other things;

   b. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

   c. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

   d. for an Order awarding Plaintiff (and those who have joined in the suit) their attorneys' fees;

   e. For an Order awarding Plaintiff unpaid benefits and compensation in connection with the FLSA violations;

   f. For an Order awarding Plaintiff (and those who have joined in the suit) pre- and post-judgment interest at the highest rates allowed by law; and

g. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**DUGGINS WREN MANN & ROMERO, LLP**

By: _/s/ Robert E. Linkin_
　　Robert E. Linkin
　　State Bar No. 00795773
　　rlinkin@dwmrlaw.com
　　600 Congress Avenue, Ste. 1900
　　P. O. Box 1149
　　Austin, Texas 78767-1149
　　512-744-9300 *tel.*
　　512-744-9399 *fax.*

**ATTORNEYS FOR PLAINTIFF**
**JERROLD D. JOHNS, Jr., Individually, and on Behalf of All Others Similarly Situated**

## CONSENT TO JOIN WAGE CLAIM

I, Jerrold D Johns Jr. , hereby:

1. Consent to be a party plaintiff in a collective action lawsuit against Pluckers, Inc. and Pluckers Wing Factory, A Limited Partnership, and if necessary, a subsequent action or arbitration, to recover any unpaid wages owed to me by Pluckers, Inc. and Pluckers Wing Factory, A Limited Partnership, or any other entity or individual responsible for the payment of such unpaid wages.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at Duggins, Wren, Mann, & Romero, LLP as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at Duggins, Wren, Mann, & Romero, LLP to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Dated: June 7 , 2016 2017



EXHIBIT A